# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9587 | **DATE** | 1/9/2003 |
| **CASE TITLE** | Shannon L. Haslund vs. Simon Property Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly this Court's anticipated approval of the FPTO after holding the presently scheduled pretrial conference to discuss its terms will not embrace Simon's contention as to the purported loss of subject matter jurisdiction. All of the provisions of the FPTO cited and quoted in this memorandum opinion and order will be stricken ans will not be considered as part of that document to be embraced by this Court's entry of the FPTO.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required. advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 13 2003 | |
| | Notified counsel by telephone. | date docketed | 13 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 1/10/2003 date mailed notice | |
| SN | courtroom deputy's initials | SN mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 3 2003

SHANNON L. HASLUND, )
)
Plaintiff, )
)
v. ) No. 01 C 9587
)
SIMON PROPERTY GROUP, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

In the jointly prepared proposed Final Pretrial Order ("FPTO") that was delivered to chambers yesterday and is scheduled for a pretrial conference today, defendant Simon Property Group, Inc. ("Simon")--which originally removed this action from its place of origin in the Circuit Court of Cook County, Illinois on diversity of citizenship grounds--has asserted that post-filing events "have rendered moot Plaintiff's principal claim, and the total of the remaining amounts in controversy is less than $75,000, exclusive of interest and costs" (FPTO at 2). In consequence Simon says that it "now disputes subject matter jurisdiction" (id.). And it amplifies that contention by stating as its first two Issues of Law (FPTO Sch. B, Tab 3 at 6-7):

  1. Whether Haslund's claims of entitlement to "equity ownership" in clixnmortar or the monetary value thereof are moot and thus outside the Court's subject matter jurisdiction.

  2. Whether if Haslund's claims of entitlement to "equity ownership" in clixnmortar or the monetary value thereof are dismissed as moot, the Court can retain

13

jurisdiction over Haslund's remaining claims for
vacation pay and reimbursement of expenses, given that
the total of the remaining amounts in controversy is
less than $75,000, exclusive of interest and costs.

That position is candidly frivolous as a matter of law. It should be emphasized that Simon is **not** contending that the requisite over-$75,000 floor established by 28 U.S.C. §1332[1] did not exist when this lawsuit was filed or when it filed its Notice of Removal ("Notice"). Not only did Simon's Notice ¶4 point to and rely on the ad damnum in the Complaint by Shannon Haslund ("Haslund") that sought an award in excess of the requisite jurisdictional amount, but in removal cases it is a defendant's burden to establish that the amount in controversy does exceed the jurisdictional minimum (In re Brand Name Prescription Drugs Antitrust Litig., 248 F.3d 668, 669 (7th Cir. 2001)). Hence the very fact of removal had to reflect Simon's good faith belief that the value of the 1% equity in clixnmortar claimed by Haslund could legitimately be said to exceed $75,000 (see this District Court's LR 81.2(a)(1))--and that belief sufficed to confirm the existence of federal subject matter jurisdiction.[2]

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Moreover, Simon had full knowledge at the time of removal of the facts bearing on the value of its own affiliated entity--so this was not a situation in which a bona fide belief as to the amount in controversy at the time of removal is later learned to have been a misapprehension of the situation as it existed at the inception.

2

It is universal black letter law, and has been for nearly 180 years (see Mollan v. Torrance, 22 U.S. (9 Wheat.) 537 (1824)), that the existence of diversity jurisdiction in a removal case is to be tested in terms of the facts as they existed at the time of commencement of the lawsuit and again at the time of removal. Thus such post-removal events as a change in the citizenship of any of the parties do not oust the federal court of jurisdiction (Freeport-McMoRan Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)(per curiam)). And the selfsame rule applies as to a post-removal change in the amount in dispute (Rosado v. Wyman, 397 U.S. 397, 405 n.6 (1970) identifies that as an equally "well settled" proposition).

Accordingly this Court's anticipated approval of the FPTO after holding the presently scheduled pretrial conference to discuss its terms will <u>not</u> embrace Simon's contention as to the purported loss of subject matter jurisdiction. All of the provisions of the FPTO cited and quoted in this memorandum opinion and order will be stricken and will not be considered as part of that document to be embraced by this Court's entry of the FPTO.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: January 9, 2003